**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vernon L Walker, | No. CV-25-00004-TUC-MSA |
| Plaintiff, | **ORDER** |
| v. | |
| Youth Sports Index Incorporated, et al., | |
| Defendants. | |

On December 9, 2025, Plaintiff Vernon Walker moved for leave to complete service of process on Defendant Andre Patterson through alternative means. (Doc. 29.) The Court granted leave based on its finding that Patterson appeared to be evading service. (Doc. 30.) The Court further found:

> Plaintiff's proposed means of alternative service—posting a copy of the service packet on the front door of Patterson's home, mailing a copy to the same address, and emailing a copy to an email address that Patterson has used to communicate with Plaintiff—is reasonably calculated to provide Patterson with actual notice of this lawsuit, as his physical presence has been confirmed at the residential address and he is known to have used the email address.

(*Id.* at 2.)

Plaintiff followed the instructions set forth above and then, on January 14, 2026, filed a notice that service had been executed. (Doc. 31.) The following day, the Clerk of Court modified the docket entry for the notice to reflect that service was *unexecuted*. (*See* Docket Entry No. 31.) Plaintiff's counsel contacted the Clerk of Court's office and was

informed that the modification was made because Plaintiff's email to Patterson did not go through. (*See* Doc. 31-1 ("The email account that you tried to reach does not exist.").) Counsel was advised to present the matter to the Court, which he has done in the currently pending motion to compel. Plaintiff requests that the Clerk of Court be ordered to change the docket filing event from "service unexecuted" back to "service executed."

The Court will grant the motion. The Clerk of Court's role in relation to service of process is ministerial. This role involves applying clear rules to clear facts. *See* Fed. R. Civ. P. 4(a), (b) (listing the requirements for a summons and stating that the Clerk "must" issue the summons when the requirements are satisfied); Fed. R. Civ. P. 55(a) (stating that when a plaintiff shows "by affidavit or otherwise" that a defendant "has failed to plead or otherwise defend," the Clerk "must" enter the defendant's default). In contrast, the decision whether service was legally sufficient involves applying legal standards and making factual findings, which are functions reserved to judges. *See* Fed. R. Civ. P. 12(b)(5) (providing that a party can move to dismiss a complaint for "insufficient service of process"); Fed. R. Civ. P. 55(c), 60(b)(4) (providing that a party can move to set aside a default judgment on the ground that "the judgment is void"); *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1164–65 (9th Cir. 2007) (recognizing that a judgment is void under Rule 60(b)(4) when there is "insufficient service of process"). Thus, the Clerk of Court had no power to independently determine that service was not properly executed in this case. As such, and because Plaintiff complied with the Order authorizing alternative service, the Court will direct the Clerk of Court to modify the notice event to reflect that service of process was executed.

**IT IS ORDERED** that Plaintiff's motion to compel (Doc. 34) is **granted**. The Clerk of Court is directed to modify Docket Entry No. 31's filing event to reflect that service of process has been executed on Defendant Andre Patterson.

Dated this 28th day of April, 2026.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge

- 2 -